Mr. Brian Dirst Fleet Acquisition Specialist City of Little Rock Fleet Services Department 3314 J.E. Davis Drive Little Rock, Arkansas 72209
Dear Mr. Dirst:
This opinion is being issued in response to your question regarding the decision of the custodian of records for the City of Little Rock to release documents in your personnel file to Mr. William Adolph Owings, a local attorney.
You have inquired as to whether the release of these documents violates the Freedom of Information Act (FOIA).
I have not been provided with the actual records in question, and thus, cannot opine definitively upon the release of any particular documents. I can, however, set out the pertinent tests to be applied in determining whether particular documents are exempt from release, or whether, by contrast, their release is required.
I assume that the records about which you have inquired are either "personnel records" or "employee evaluation or job performance records" for purposes of the FOIA. The test for the disclosure of each is set out below.
Under the FOIA, personnel records are exempt from disclosure only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. The court stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992), that:
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories; religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Thus, the test to determine to what extent personnel records are exempt from the FOIA is an objective test which has been developed through case law. As this office has previously stated in Ops. Att'y Gen. 94-198, 94-178 and 93-055, the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See also WATKINS, TheArkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 126.
Consistent with the precepts set forth above, therefore, the custodian of personnel records may delete any exempt information and make the remainder of the records available for inspection and copying.
Some of the records in question, however, depending upon the facts, may be "job performance records" rather than "personnel records" for purposes of the FOIA. See § A.C.A. 25-19-105(c)(1). This office has previously stated that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See Op. Att'y Gen. 91-324. See also Ops. Att'y Gen.88-097, 91-303 and 91-324 (stating that a letter of recommendation of termination, letters of reprimand, and other disciplinary records are "job performance records").
Employee evaluation or job performance records are subject to public disclosure only upon final administrative resolution of any suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. A.C.A. § 25-19-105(c)(1).
The custodian of the records is therefore required to consider these factors in making disclosure decisions.
Finally, it should be noted that other records, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by specific provisions of the FOIA. See A.C.A. § 25-19-105(b).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh